1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,     )     No. 8:25CR113
                              )
          Plaintiff,          )
                              )
vs.                           )
                              )
DEVONTEZ BOBO,                )
                              )     Omaha, Nebraska
          Defendant.          )     October 3, 2025

TRANSCRIPT OF PLEA PROCEEDINGS
BEFORE THE HONORABLE MICHAEL D. NELSON
UNITED STATES MAGISTRATE JUDGE

A-P-P-E-A-R-A-N-C-E-S

FOR THE PLAINTIFF:          Mr. Matt E. Lierman
                            Assistant United States Attorney
                            1620 Dodge Street
                            Suite 1400
                            Omaha, NE 68102-1506

FOR THE DEFENDANT:          Ms. Kelly M. Steenbock
                            Assistant Federal Public Defender
                            222 South 15th Street
                            Suite 300N, One Central Park Plaza
                            Omaha, NE 68102

TRANSCRIBER:                Ms. Rogene S. Schroder, RDR, CRR
                            111 South 18th Plaza
                            Suite 3129
                            Omaha, NE 68102
                            (402) 661-7383

Proceedings recorded by digital recording, transcript produced by certified stenographer.

(At 10:33 a.m. on October 3, 2025; with counsel and the defendant present:)

THE COURT:  Okay.  We are on the record, then, in the matter of United States of America versus Devontez Bobo.  The case number's 8:25CR113.

Counsel for the government?

MR. LIERMAN:  Good morning, Your Honor.  Matt Lierman for the United States.

THE COURT:  On behalf of the defendant?

MS. STEENBOCK:  Good morning, Judge.  Kelly Steenbock, Assistant Public Defender, on behalf of Mr. Bobo, who's at counsel table with me today.

THE COURT:  Okay.  Well, great.  Again, good morning, Mr. Bobo.  How are you feeling today?

THE DEFENDANT:  I'm doing all right.

THE COURT:  Good.  We're scheduled for a change of plea hearing.  Are you intending to enter a guilty plea today?

THE DEFENDANT:  Yes.

THE COURT:  Before we proceed, I must determine whether you consent to proceed before me as the magistrate judge assigned to this case.  You could have this hearing in front of the district judge that will be sentencing you.

Do you understand?

THE DEFENDANT:  Yeah.

THE COURT:  If you do consent, at the end of the

hearing, I will enter written findings as to what occurred.  I will either recommend that your guilty plea be accepted or not accepted.

Do you understand?

THE DEFENDANT:  Yes.

THE COURT:  Do you consent to proceed before me as a magistrate judge?

THE DEFENDANT:  Yes.

THE COURT:  I'm gonna be asking you some questions about your guilty plea and the facts related to this charge. Before I can do that, I will need to place you under oath.

Could I have you stand up and raise your right hand.

THE DEFENDANT:  (Complied with request.)

THE COURT:  Do you solemnly swear or affirm that the testimony you're about to give will be the truth, the whole truth, and nothing but the truth?

THE DEFENDANT:  Yes.

THE COURT:  You may be seated.

I note the defendant answered in the affirmative.

Sir, do you understand that you're now under oath and that your answers to my questions must be truthful?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that your answers could be used against you if you're later charged with perjury or making a false statement?

THE DEFENDANT:  Yes.

THE COURT:  Your guilty plea must be done willingly, voluntarily, and knowingly, and without any threat or force.

Do you understand?

THE DEFENDANT:  Yes.

THE COURT:  If you do not understand any questions asked or words spoken today, please either ask me or your attorney to explain them.  If necessary, we'll take a break so that you can meet privately with Ms. Steenbock.

Do you understand?

THE DEFENDANT:  Yes.

THE COURT:  Do you think you're able to proceed with today's hearing?

THE DEFENDANT:  Yes.

THE COURT:  Sir, what is your full name?

THE DEFENDANT:  Devontez Bobo.

THE COURT:  Are you, in fact, the individual named as the defendant in this Indictment?

THE DEFENDANT:  Yes.

THE COURT:  Are you -- have you consumed or are you under the influence of any alcohol or drugs today?

THE DEFENDANT:  No.

THE COURT:  Are you presently taking medications?

THE DEFENDANT:  No.

THE COURT:  Are there medications that you should be

taking but you're not?

THE DEFENDANT:  No.

THE COURT:  Is there anything that I've not asked that may be affecting your ability to think clearly or to make sound decisions today?

THE DEFENDANT:  No.

THE COURT:  The Court has observed the demeanor and conduct of the defendant and now finds that he is competent to proceed about this hearing.

Sir, Count I in the Indictment charges a violation of Title 21, United States Code, Section 841(a)(1) and (b)(1).  If there was a trial, the government would be required to prove each element of this charge beyond a reasonable doubt in order to obtain a conviction.

The elements are as follows:

First, that you were in possession of cocaine.

Second, you intended to be in possession of a controlled substance, namely, the cocaine.

And, third, that you intended to distribute some or all of the cocaine to another person.

It's alleged that the offense occurred in the District of Nebraska.

Mr. Lierman, did I properly set forth the elements of the charge?

MR. LIERMAN:  You have, Your Honor.

THE COURT:  Do you agree, Ms. Steenbock?

MS. STEENBOCK:  Yes, Your Honor.

THE COURT:  Sir, do you have any questions about the nature of this charge or what the government would have to prove in order to convict you?

THE DEFENDANT:  No.

THE COURT:  Have you discussed the facts of this case, the evidence the government has against you, and any defenses that you think you may have with Ms. Steenbock?

THE DEFENDANT:  Yes.

THE COURT:  Are you fully satisfied with the representation that she's provided to you and the advice that she's given to you in this case?

THE DEFENDANT:  Yes.

THE COURT:  I'm gonna go over the penalties for you. If you're convicted of this offense, you can receive a maximum term of imprisonment of 20 years, a fine of not more than $1 million, or both such imprisonment and a fine, a supervised release term of no less than three years and up to life in addition to any term of imprisonment.  There's a hundred dollar special assessment.  You may be ineligible for certain federal benefits and there could be orders of restitution or forfeiture of property if authorized or agreed upon.

Mr. Lierman, did I properly set forth the statutory penalties?

MR. LIERMAN:  You did, Your Honor.

THE COURT:  Ms. Steenbock?

MS. STEENBOCK:  Yes.

THE COURT:  Sir, do you have any questions about the statutory penalties that you're now facing?

THE DEFENDANT:  No.

THE COURT:  We also have sentencing guidelines that the Court must consider.  They're not mandatory but they are advisory.

Have you discussed these guidelines with your attorney and how they might apply to your case?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that the advisory guideline sentencing range will not be determined until after the presentence investigation report has been completed and fully considered by the Court?

THE DEFENDANT:  Yes.

THE COURT:  And do you understand that you could be sentenced outside of the advisory guideline sentencing range, either higher or lower?

THE DEFENDANT:  Yeah.

THE COURT:  I'm sorry?

THE DEFENDANT:  Yes.

THE COURT:  You're in the federal system.  Parole was abolished in our federal system; so if you're sentenced to

prison, you'll not be released on parole.

Do you understand?

THE DEFENDANT:  Yes.

THE COURT:  After you serve any term of imprisonment, you'll be on supervised release.  While you're on supervised release, you'll be supervised by a probation officer and you must comply with certain conditions.

Do you understand?

THE DEFENDANT:  Yes.

THE COURT:  If you violate a condition of supervised release, it could be revoked and you could be returned to prison and required to serve in prison all or part of that term without credit for the time that you were under supervision.

Do you understand?

THE DEFENDANT:  Yes.

THE COURT:  Do you have any questions about supervised release?

THE DEFENDANT:  No.

THE COURT:  If your guilty plea's accepted, you'll be found guilty of a felony.  This could later work for -- to your disadvantage.  For example, if you're later convicted of another crime, your sentence for that crime could be increased simply because of your conviction in this case.

Do you understand?

THE DEFENDANT:  Yes.

THE COURT: Conviction of this offense may also deprive you of valuable civil rights such as the right to vote, to hold public office, to serve on a jury, and to possess any kind of firearm.

Do you understand?

THE DEFENDANT: Yes.

THE COURT: Do you think you understand all the penalties that you now face?

THE DEFENDANT: Yes.

THE COURT: You do have a written plea agreement with the government; correct?

THE DEFENDANT: Yes.

THE COURT: Federal Rule of Criminal Procedure 11(d) allows the withdrawal of a guilty plea before it is accepted for any reason or no reason or after it is accepted for a just and fair reason.

Do you understand that you're waiving that right under the terms of your plea agreement?

THE DEFENDANT: Yes.

THE COURT: The sentence imposed by [*sic*] you could very well be different from the sentence that you and your attorney expect.

Do you understand that that fact alone would not provide the basis for the withdrawal of your guilty plea even if you've agreed to advisory sentencing guideline calculations pursuant

to Federal Rule of Criminal Procedure 11(c)(1)(B)?

THE DEFENDANT:  Yes.

THE COURT:  Regarding the petition to enter a guilty plea, was Ms. Steenbock available to you to go over all the questions and make sure your answers were properly recorded?

THE DEFENDANT:  Yes.

THE COURT:  Did you voluntarily and truthfully answer each question in the petition?

THE DEFENDANT:  Yes.

THE COURT:  Did you read the petition and voluntarily sign it?

THE DEFENDANT:  Yes.

THE COURT:  Do you have any questions about anything in your petition?

THE DEFENDANT:  No.

THE COURT:  Regarding your written plea agreement, again, was Ms. Steenbock available to go over all the provisions of the plea agreement and answer any questions that you had?

THE DEFENDANT:  Yes.

THE COURT:  Did you read and voluntarily sign it after fully discussing it with her?

THE DEFENDANT:  Yes.

THE COURT:  Please listen carefully.  Mr. Lierman is now gonna summarize the terms of the plea agreement.

MR. LIERMAN:  Your Honor, this plea agreement contemplates that Mr. Bobo will be entering a plea of guilty to Count I of the Indictment.

The United States will move to dismiss the forfeiture allegation at the time of sentencing.

It explains the nature of the offense as well as the factual basis underlying each of the elements in Count I.

It explains the penalties.

With regards to sentencing issues, there is no agreement other than that we will move for an additional level of reduction for acceptance of responsibility, Your Honor.

With respect to departures and reductions, the parties agree the defendant may request or recommend additional downward adjustments or departures.

It includes a waiver of appeal and collateral attack and any breach of the agreement may render it null and void.

THE COURT:  Okay, sir, do you agree to that summary of your written plea agreement with the government?

THE DEFENDANT:  Yes.

THE COURT:  Does this agreement contain all the terms, conditions, and promises that you've reached with the government in this case?

THE DEFENDANT:  Yes.

THE COURT:  Is that true, Ms. Steenbock?

MS. STEENBOCK:  Yes.

THE COURT:  Sir, in the plea agreement, you do waive or give up the right to appeal your conviction and any sentence imposed upon you and to file any post-conviction proceedings except in certain limited circumstances as specifically set forth in the plea agreement.

Do you understand that you're giving up these rights?

THE DEFENDANT:  Yes.

THE COURT:  Ms. Steenbock, did you fully and accurately discuss with your client all plea offers made by the government in this case?

MS. STEENBOCK:  Yes, Your Honor.

THE COURT:  Sir, did you have a full opportunity to consider all plea offers made to you?

THE DEFENDANT:  Yes.

THE COURT:  After during so -- doing so, did you voluntarily sign this written plea agreement with the government?

THE DEFENDANT:  Yes.

THE COURT:  Did anyone make any other promises to you or threaten you in any way to get you to sign the plea agreement?

THE DEFENDANT:  No.

THE COURT:  Do you have any questions about your plea agreement?

THE DEFENDANT:  No.

THE COURT: When you plead guilty, you give up certain constitutional rights so I'm gonna go over those with you. Please listen carefully.

You have the right to plead not guilty to any offense charged against you and to go to trial on any charge filed against you in this case.

You have the right to a speedy and public trial.

You have the right to assistance of an attorney without cost to you if you cannot afford an attorney.

You have the right to a trial and to have a jury determine whether the government has proved beyond a reasonable doubt each and every element of the charged offense.

You have the right to see and hear all witnesses and cross-examine any person who's a witness against you.

You have the right to not testify at your trial so that you cannot be compelled to incriminate yourself.

You do, however, have the right to testify in your own defense if you choose to; and you have the right to subpoena or present witnesses or other evidence to assist you at your trial. Deciding not to testify or to put on any evidence cannot be used against you.

Do you understand that under the Constitution of the United States, you have and can use all of these rights?

THE DEFENDANT: Yes.

THE COURT: Do you understand that if your guilty

plea's accepted, there'll not be a trial on the charge filed against you because when you plead guilty, you give up your right to a trial?

THE DEFENDANT:  Yes.

THE COURT:  If your guilty plea's accepted, you give up your right to challenge the manner in which the government obtained its evidence against you.

Are you all right, sir?

THE DEFENDANT:  Yeah.

THE COURT:  Okay.

THE DEFENDANT:  I'm fine.

THE COURT:  If your guilty plea's accepted, you give up your right to challenge the manner in which the government obtained its evidence against you.  For example, the manner in which you were questioned or the manner in which you, your home, or your property were searched.

Do you understand?

THE DEFENDANT:  Yes.

THE COURT:  To get you to waive these constitutional rights, has anyone connected with law enforcement or anyone else threatened you, directly or indirectly, used any force against you, or promised you anything other than your written plea agreement?

THE DEFENDANT:  No.

THE COURT:  Did you discuss these constitutional

rights with Ms. Steenbock?

THE DEFENDANT: Yes.

THE COURT: Did you discuss these rights with your attorney?

THE DEFENDANT: Yes.

THE COURT: And do you freely and voluntarily give up all these constitutional rights with respect to the charge alleged against you in Count I of the Indictment?

THE DEFENDANT: Yes.

THE COURT: Mr. Lierman, you said pursuant to the plea agreement, the forfeiture allegation's gonna be dismissed?

MR. LIERMAN: Yes, sir.

THE COURT: After consideration of the responses of the defendant in this case to all the questions I've asked, I now find that he is competent to plead to the offense alleged against him in Count I of the Indictment, he understands the nature of that charge, and the possible penalties that may be imposed upon conviction.

He understands his rights. He willingly, voluntarily, and knowingly waives those rights; and he fully understands the consequences of waiving those rights, including the fact that there'll be no trial in this case because he is pleading guilty.

I therefore accept the defendant's waiver of his rights.

Sir, knowing and understanding everything in your Petition

to Enter a Plea of Guilty, your written plea agreement, and everything that we've discussed today, how do you now plead to the offense alleged against you in Count I of the Indictment?

THE DEFENDANT:  Guilty.

THE COURT:  To get you to plead guilty, has anyone connected with law enforcement or anyone else threatened you, directly or indirectly, used any force against you, or promised you anything other than your written plea agreement?

THE DEFENDANT:  No.

THE COURT:  Are you freely and voluntarily pleading guilty to Count I of the Indictment?

THE DEFENDANT:  Yes.

THE COURT:  And are you, in fact, guilty of this offense?

THE DEFENDANT:  Yes.

THE COURT:  The parties have stipulated to a factual basis as set forth on page 2 of the written plea agreement.  I am gonna ask Mr. Lierman to set forth the factual basis for this offense.  In other words, those facts the government would expect to prove by evidence beyond a reasonable doubt if there were a trial in order to obtain a conviction in this case.

Sir, please listen carefully.

THE DEFENDANT:  Yes.

MR. LIERMAN:  Thank you, Your Honor.

The evidence would show that in December of 2019, the

defendant, Mr. Bobo, was sentenced to 72 months' custody and 3 years of supervised release at 8:19CR36 after he pled to an Information alleging 21 United States Code 841(a)(1) and (b)(1), distribution of cocaine; 18 United States Code Section 922(g)(1), felon in possession of a firearm; and 18 United States Code Section 2421, transportation with the intent to promote prostitution.

While under supervision, on July 1, 2024, the defendant submitted a urine sample that was presumptive positive for cocaine.  Mr. Bobo denied the drug use and this test was sent to a lab for confirmation.

A search warrant was executed on his home -- or at his home and law enforcement recovered cell phones, narcotics distribution paraphernalia, and 218.96 grams of cocaine. Defendant was present during this search.

The cocaine was confirmed as to both weight and substance per forensic laboratory analysis, and all events occurred in the District of Nebraska.

THE COURT:  Sir, do you agree that what you just heard would be the government's evidence against you if you went to trial on the charge to which you're pleading guilty?

THE DEFENDANT:  Yes.

THE COURT:  Do you agree to all those facts stipulated to as stated by Mr. Lierman and as set forth in your plea agreement?

18

THE DEFENDANT:  Yes.

THE COURT:  Are all those facts true?

THE DEFENDANT:  Yes.

THE COURT:  And do you believe the government would be able to prove all those facts beyond a reasonable doubt?

THE DEFENDANT:  Yes.

THE COURT:  Are there any additional questions that you believe should be posed to the defendant, Mr. Lierman?

MR. LIERMAN:  No, sir.  I don't believe so.

THE COURT:  Any additional questions I should ask your client, Ms. Steenbock?

MS. STEENBOCK:  No, Your Honor.

THE COURT:  I take it that the amount of cocaine is a amount that would constitute an amount for distribution, Mr. Lierman?

MR. LIERMAN:  Yes, sir.  It's consistent with distribution in addition to the -- the narcotics distribution paraphernalia that was also found in the home.

THE COURT:  Do you agree with that, Mr. Bobo?

THE DEFENDANT:  Yes.

THE COURT:  The Court now finds that the defendant is competent and capable of entering an informed plea to the charge alleged against him in Count I of the Indictment.  He is aware of the nature of that charge and the consequences of his guilty plea.

His guilty plea is knowing and voluntary and is supported by a factual basis concerning each essential element of the offense charged, and he is aware that his answers during these proceedings may be used against him if there's later a charge of perjury or false statement.

Sir, I will recommend that your guilty plea be accepted. I'll order a presentence investigation. They may wanna interview you. As you know, this could be helpful regarding a determination of your sentence and also classification, programming, and supervision matters.

Whether your plea agreement is accepted or not accepted will be left to Judge Buescher but I will recommend that it be accepted.

I will enter an Order on Sentencing Schedule and I'll set the sentencing in front of Judge Buescher for January 7th, 2026, at 9:30 in the morning.

Sir, you've been in custody pursuant to a detention order at filing number 14. For the reasons set forth in that order and on the record, you'll remain in custody pending sentencing or further order of the Court.

Are there additional matters on behalf of the government?

MR. LIERMAN: No. Thank you, Your Honor.

THE COURT: You're welcome.

Defendant?

MS. STEENBOCK: No, Your Honor.

20

THE COURT:  Good luck, sir.

We're in recess.

Parties are excused.

(Recess taken at 10:50 a.m.)

* * * * * * *

I, Rogene S. Schroder, certify that the foregoing is a correct transcription to the best of my ability from the digital recording of the proceedings held in the above-entitled matter.

*/s/Rogene S. Schroder*                    October 16, 2025
        Transcriber                              Date